IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALICE MAE WASHINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3384 |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Alice M. Washington is in custody of a state mental hospital in Kerrville, Texas, pursuant to a court order.  Washington has filed a complaint under 42 U.S.C. § 1983, alleging violations of her civil rights.  Washington proceeds *pro se* and *in forma pauperis*. At the Court's request, Washington has supplemented her pleadings with a more definite statement of her claims.  (Docket Entry No. 6).  After reviewing all of the pleadings, the Court **dismisses** this case, without prejudice, for reasons that follow.

## I.    BACKGROUND

Washington is presently in custody at the Kerrville State Hospital, which is run by the Texas Department of State Health Services.  Washington is not clear about the reason for her confinement, but the Court takes judicial notice that the facility reportedly provides care for persons with major mental illnesses.  *See* Texas Department of State Health Services – Kerrville State Hospital, http://www.dshs.state.tx.us/mhhospitals/KerrvilleSH. Washington states that she suffers from an unidentified mental illness, for which she takes the prescription medication Haldol.

It appears that Washington was charged at an undisclosed point in time with attempted murder and sentenced to eight years of imprisonment by State District Judge George Godwin, who presides over the 174th Judicial District Court of Harris County, Texas. Washington admits that she has been jailed on a regular basis for random offenses, including theft and drug charges. Washington reports that she was admitted to the Kerrville State Hospital on June 29, 1999, for "psychological therapy." Most recently, Washington was ordered confined to the Kerrville State Hospital in 2003.

Washington sues the State of Texas, raising different issues related to her continued confinement.[1] Washington does not state whether her commitment to the Kerrville facility is part of a criminal sentence or whether it was the result of a civil mental health commitment proceeding. She complains about the length of her confinement and about the location. Washington complains further that, while in custody of the Kerrville State Hospital, a nurse gave her the wrong medication in June of 2005. As a result of receiving the wrong medication, Washington reports that she became sick.

Washington does not ask for monetary relief. Instead, she seeks her immediate release from custody of the Kerrville State Hospital. For reasons set forth below, the Court concludes that the complaint in this case must be dismissed.

## II.    HABEAS CORPUS

---

[1]    The complaint lists the Harris County Jail as the only other defendant, but Washington fails to articulate any claims against Harris County or any officials at the Jail.

Although the form filed by Washington invokes 42 U.S.C. § 1983, the only relief sought by the plaintiff is release from a judgment of confinement entered by a state court. It is well settled that the writ of habeas corpus provides the exclusive remedy even where a civil mental health commitment is challenged. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Seling v. Young*, 531 U.S. 250 (2001) (involving a habeas corpus challenge under 28 U.S.C. § 2254 to a civil judgment of commitment under a state sex offender statute); *Jackson v. Foti*, 670 F.2d 516 (5th Cir. Unit A 1980) (addressing a federal habeas corpus challenge brought by an "insanity acquittee" seeking release from confinement in a state hospital). By contrast, a civil rights action under 42 U.S.C. § 1983 is the appropriate legal vehicle to attack allegedly unconstitutional conditions of confinement. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). Because the plaintiff seeks immediate release from custody, he only avenue for relief is under the federal habeas corpus statutes.

The Court declines to re-characterize this case as a federal habeas corpus proceeding because Washington concedes in her more definite statement that she has not exhausted her state court remedies as required by 28 U.S.C. § 2254(b). It appears that persons committed to a mental hospital in Texas may challenge their continued confinement by filing a writ of habeas corpus or a request with the state court that entered the commitment order. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.068(a) ("A patient receiving court-ordered extended mental health services . . . may file a request with a court for a reexamination and a hearing

to determine if the patient continues to meet the criteria for the services."); *State v. Roland*, 973 S.W.2d 665 (Tex. 1998).  Because Washington has not attempted to challenge her continued confinement in the state courts, any federal habeas corpus challenge must be dismissed as premature.

## III.    REMAINING CIVIL RIGHTS CLAIM

Washington's complaint contains an allegation about the conditions of her confinement at the Kerrville State Hospital, regarding an isolated instance in June of 2005 in which an unidentified nurse reportedly gave her a dose of the wrong medication.  Kerrville is located Kerr County, which is in the Western District of Texas, San Antonio Division. *See* 28 U.S.C. § 124(d)(4).  Because any alleged civil rights violation occurred, if at all, outside the Southern District of Texas, Houston Division, this Court is not the proper venue for plaintiff's civil rights claim.  *See Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991).

A district court has the authority to transfer a case in the interest of justice to another district in which the action might have been brought.  *See* 28 U.S.C. §§ 1404, 1406.  In particular, § 1404 provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought.

28 U.S.C. § 1404(a).  A district court has "broad discretion in deciding whether to order a transfer."  *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir.), *cert. denied*, 526 U.S. 1157 (1999).  In this instance, Washington fails to provide the name of the person responsible for

allegedly giving her the wrong medication, and she provides no facts showing that she was intentionally treated incorrectly in violation of her civil rights.  Because the remaining civil rights allegations in this case are so vague as to fail to state a valid claim even under the liberal standard accorded *pro se* pleadings, the Court concludes that a transfer of Washington's remaining civil rights claim is not in the interest of justice in this case.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, it is **ORDERED** that the plaintiff's complaint is **DISMISSED** without prejudice.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on **November 23, 2005.**


Nancy F. Atlas
United States District Judge